# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

STACEY P. WALSH                                )
                                               )
    Plaintiff,                             )
                                               )          **JURY TRIAL DEMANDED**
v.                                             )
                                               )
BRITISH PETROLEUM, P.L.C.,                     )          Cause No.
                                               )
SERVE:                                         )
    CT Corporation System              )
    1200 South Pine Island Road        )
    Plantation, FL 33324               )
                                               )
&                                              )
                                               )
BRITISH PETROLEUM PRODUCTS                     )
NORTH AMERICA, INC.,                           )
                                               )
SERVE:                                         )
    Prentice-Hall Corporation System, Inc. )
    1200 Hays Street                   )
    Tallahassee, FL 32301              )
                                               )
&                                              )
                                               )
BRITISH PETROLEUM AMERICA,                     )
INC.,                                          )
                                               )
SERVE:                                         )
    CT Corporation System              )
    1200 South Pine Island Road        )
    Plantation, FL 33324               )
                                               )
&                                              )
                                               )
BRITISH PETROLEUM EXPLORATION                  )
& PRODUCTION, INC.,                            )
                                               )
SERVE:                                         )
    The Corporation Trust Company      )

Corporation Trust Center                                 )
1209 Orange Street                                       )
Wilmington, DE 19801                                     )
                                                         )
&                                                        )
                                                         )
HALLIBURTON ENERGY SERVICES,                             )
INC.,                                                    )
                                                         )
SERVE:                                                   )
    CT Corporation System             )
    1200 South Pine Island Road        )
    Plantation, FL 33324               )
                                                         )
&                                                        )
                                                         )
CAMERON INTERNATIONAL                                    )
CORPORATION,                                             )
                                                         )
SERVE:                                                   )
    CT Corporation System             )
    1200 South Pine Island Road        )
    Plantation, FL 33324               )
                                                         )
                                                         )
&                                                        )
                                                         )
TRANSOCEAN OFFSHORE DEEPWATER                            )
DRILLING, INC.,                                          )
                                                         )
SERVE:                                                   )
    The Corporation Trust Company      )
    Corporation Trust Center           )
    1209 Orange Street                 )
    Wilmington, DE 19801               )
                                                         )
&                                                        )
                                                         )
TRANSOCEAN DEEPWATER, INC.,                              )
                                                         )
SERVE:                                                   )
    Capitol Services, Inc.             )
    615 South Dupont Highway           )
    Dover, DE 19901                    )

```
                                                   )
&                                                  )
                                                   )
TRANS OCEAN, LTD.                                  )
                                                   )
SERVE:                                             )
        Corporation Service Company                )
        2711 Centerville Road                      )
        Suite 400                                  )
        Wilmington, DE 19808                        )
                                                   )
                      Defendants.                  )
```

## COMPLAINT

Plaintiff, Stacey P. Walsh by and through her undersigned counsel, for their causes of action against Defendants British Petroleum, P.L.C., British Petroleum Products North America, Inc., British Petroleum America, Inc., British Petroleum Exploration & Production, Inc., Halliburton Energy Services, Inc., Cameron International Corporation, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., and Transocean, Ltd., allege and state as follows:

## INTRODUCTION

1.  This is a class action lawsuit brought by the Plaintiff, Stacey P. Walsh, (hereinafter "Plaintiff") on behalf of herself and a Class of persons and entities described more fully below and arising from the catastrophic events surrounding the explosion and sinking of the Deepwater Horizon Oil Rig in the Gulf of Mexico.

2.  On April 20, 2010, a series of events unfolded on the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon") that ultimately led to its sinking and the release of crude oil into the waters of the Gulf of Mexico.  These events have been widely covered by the media and include an explosion and subsequent fire, along with the loss of a large number of lives as a

result thereof.

3.   On information and belief, the sunken oil rig is releasing large amounts of oil which, despite initial estimates by certain Defendants and their representatives, is now reported to be up to 5,000 gallons of crude oil per day that is being pumped into the Gulf waters from the sunken rig.  A recent document prepared by National Oceanic and Atmospheric Administration said this current estimate could grow to an amount 10 times that much, which could be 2.1 million gallons a day.

4.   A massive effort has been undertaken to contain and control the spilling oil.  Said efforts are being coordinated by the United States Coast Guard Unit D8 out of New Orleans, Louisiana under the command of Rear Admiral Mary Landry.  Despite this mobilization and the coordinated private/public efforts, the petroleum contamination has not been stopped but instead has continued to spread throughout the waters of the Gulf of Mexico.

5.   On information and belief, the oil slick consists of crude oil.  Crude oil is a naturally occurring oil generated by geological and geochemical processes.  It is composed primarily of hydrocarbons along with small amounts of a number of other elements and chemicals including nickel and chromium.  One type of hydrocarbon is known as "aromatic" and includes at least one benzene ring.  Benzene is a well-studied and toxic compound.  Another component of crude oil is polycyclic aromatic hydrocarbons (PAHs), which includes two benzene rings.  The exact composition of any crude oil and the levels of benzene, PAHs, and other compounds will vary depending on the source of the oil.

4

## PARTIES

6. Plaintiff Stacey P. Walsh is the owner of certain real property located in Inlet Beach, Florida, which includes beachfront property immediately adjacent to the waters of the Gulf of Mexico.

7. Plaintiff is a resident of the State of Missouri.

8. Defendants include the following entities, all of whom are corporations registered to do business and can be found in this District and in several of the States of the United States of America:

A. BP, plc, a foreign corporation, organized under the law of Delaware;

B. BP Products North America, a Maryland corporation;

C. BP America, Inc., a Delaware corporation;

D. BP Exploration and Production, Inc., a Delaware corporation;

E. Halliburton Energy Services, Inc., a Delaware corporation;

F. Cameron International, Inc., a Delaware corporation;

G. Transocean Deepwater Drilling, Inc., a Delaware corporation;

H. Transocean Deepwater, Inc., a Delaware corporation;

I. Transocean, Ltd., a Delaware corporation;

As more fully set forth herein, Plaintiffs claims arise out of the wrongful conduct and acts of each of the above Defendants, their agents, employees and contractors.

## JURISDICTION AND VENUE

9. Jurisdiction and venue are proper pursuant to 28 U.S.C. 1332(d)(2) as the amount in controversy exceeds $5,000,000 and is a class action brought by residents of a State different

from the State where at least one of the Defendants is incorporated or doing business.

## FACTUAL ALLEGATIONS

10.   Defendants Transocean, Ltd., Transocean Offshore and Transocean Deepwater (hereinafter "Transocean") are the world's largest offshore drilling contractor.  Transocean is the owner and/or operator of the Deepwater Horizon, which is a floating oil rig that utilizes satellite positioning known as dynamic positioning to keep the rig on station.  The Deepwater Horizon drilling rig was performing completion operations for the BP co-Defendants in the Gulf of Mexico on and before April 20, 2010.

11.   Defendants BP, plc, BP Products North America, BP America, Inc., BP Exploration and Production, Inc. (hereinafter "BP Defendants" or "BP co-Defendants") were drilling for oil and performing other related activities on the Deepwater Horizon on and before April 20, 2010. Such activities were being conducted by the BP Defendants pursuant to a lease agreement that fully authorized drilling and all related activities.

12.   Defendant Cameron International, Inc., manufactured a component of the Deepwater Horizon known as a "blowout preventer" or "BOP.".  The BOP is a steel-framed stack of valves, rams, housings, tanks and hydraulic tubing that are painted industrial yellow and sit atop the oil well.  The BOP is approximately 16 feet wide and sits on the seabed between the well and the pipe that carries oil to the surface, known as the riser.  The drilling pipe, which comes down from the rig through the riser, is usually about half a foot in diameter and is surrounded inside the well by a larger pipe that forms a permanent casing for the finished well.  Each BOP is configured for a given well.  The BOP for the Deepwater Horizon has a series of five hydraulic rams.  Some are designed to seal the well by clamping around the drill pipe.  Another of the

rams, known as the shear ram, is designed to seal the well by shearing off the drill pipe.

13.   According to a news report in the New York Times on Saturday, May 1, 2010, when the explosion and fire ripped through the rig on April 20, 2010, workers threw a switch to activate the BOP, which was supposed to seal the well quickly in the event of a burst of pressure. According to the report, "[i]t did not work, and a failsafe switch on the device also failed to function".   The report continued with a quote from a person familiar with the effort to activate the BOP, who requested anonymity because he was not authorized to speak on the subject: "It's a mystery, a huge Apollo 13-type mystery," as to why the blowout preventer did not work...."

14.   Defendant Halliburton was performing cementing operations of the well and well cap and in the performance of these duties increased the pressure at the well and contributing to the fire, explosion and resulting oil spill.

15.   On information and belief, all of the Defendants complained of herein are and were engaged in the operation, control, maintenance or equipping of the Deepwater Horizon oil rig on and before April 20, 2010.

## CAUSES OF ACTIONS AGAINST ALL DEFENDANTS

16.   On information and belief, the Defendants complained of herein are and were negligent and, therefore, liable to the Plaintiff and the class due to one or more of the following acts or omissions:

A.   Improper and unreasonable handling, storage, processing, manufacturing, refining, transportation distribution, and/or disposal of crude oil, petroleum products, petroleum constituents, petroleum by-products, and/or toxic and hazardous substances and wastes;

B.   Failing to design, construct, maintain, inspect or monitor facilities, equipment or

7

procedures , thus allowing spills and releases of crude oil, petroleum products, petroleum constituents, petroleum by-products, and/or toxic and hazardous substances and wastes;

C.  Negligently performing work on and around the Deepwater Horizon, thereby allowing spills and releases of crude oil, petroleum products, petroleum constituents, petroleum by-products, and/or toxic and hazardous substances and wastes;

D.  Failing to take reasonable post-explosion steps to avert an epic environmental catastrophe, thereby allowing spills and releases of additional crude oil, petroleum products, petroleum constituents, petroleum by-products, and/or toxic and hazardous substances and wastes;

E.  Failing to initiate, undertake, continue or maintain appropriate and timely measures to stop the flow of crude oil, to remove or remediate the oil, or to protect the Plaintiffs from the hazards associated with crude oil, petroleum products, petroleum constituents, petroleum by-products, and/or toxic and hazardous substances and wastes;

F.  Failing to equip the Deepwater Horizon with the necessary remote shut-off apparatus and/or devices that would allow the uncontrolled spill to be stopped;

G.  Violated a number of federal laws and regulations constituting negligence per se, including but not limited to 40 C.F.R. 112.11, 43 U.S.C. 1332, as well as other statutes and regulations, in that the BOP and well control assembly installed was not capable of controlling well-head pressure encountered.

17.    The Defendants were grossly negligent and guilty of willful misconduct. The Defendants also violated applicable Federal safety, construction or operating regulations. Said conduct was performed, authorized or committed by the responsible party, an agent or employee

of the responsible party, or a person acting pursuant to a contractual relationship with the responsible party, all of which proximately caused the incident described and resulting damages.

## DAMAGES

18.    As a direct and proximate result of the negligent acts and omissions set forth above, dramatic and catastrophic quantities of crude oil, petroleum products, petroleum constituents, petroleum by-products, and/or toxic and hazardous substances and wastes (hereinafter "contamination" or "oil contamination" or "crude oil") have been released into the waters of the Gulf of Mexico in direct proximity to the Plaintiffs' properties.

19.    The oil contamination is dangerous.   There are several hundred individual hydrocarbon chemicals defined as petroleum-based and each petroleum product has its own mix of constituents. Some of these constituents include, but are not limited to the following: benzene,      ethylbenzene,      xylenes,      1,2,4-trimethylbenzene,      13,5-trimethylbenzene, isopropylbenzene, cyclohexane, nButylbenzene, npropoylbenzene, p-isopropyltoulene, sec-butlybenzene, toluene, hexane, acenaphthene, acennaphthylene, anthracene, benzo(ghi)pyrilene, fluoranthene, fluorine, naphthalene, 1-Me-Naphthalene, 2-Me-Naphthalene, phenanthrene, pyrene, benz[a]anthracene, benzo[a]pyrene, benzo[e]pyrene, benzo[b]fluoranthene, benzo[k]fluoranthene, chrysene, ideno(1,2,3-c-d)pyrene, and 5-Me-chrysene], arsenic, nickel and vanadium. Exposure to oil, petroleum products, petroleum constituents, petroleum by-products, and/or toxic and hazardous substances and wastes pose a threat to human health and the environment.   The health effects associated with petroleum are caused by its associated hydrocarbon mixtures. Exposure to soil, vapors and water containing petroleum contamination can cause multiple health complications and illnesses such as respiratory conditions and

illnesses, gastrointestinal conditions and illnesses, dermatological conditions and illnesses, neurological conditions and illnesses, immunological conditions and illnesses, and a host of other health complications and illnesses. Sensitivity to these effects can vary greatly from one person to the next, with children, the elderly, and people with pre-existing respiratory problems most affected. Long-term exposures pose a risk of cancer and damage to the respiratory tract, gastrointestinal tract, urinary tract, and other organs of the body, as well as immunological and neurological problems and damage to the nervous system. People exposed to petroleum in soil, water and vapors over a period of time may gradually lose their ability to notice the petroleum, which can lead to greater exposures and health problems over time.

20. The oil contamination has affected the property of the Plaintiff and the class, causing the property to lose value, causing the Plaintiff and the class to lose the use and enjoyment of her property, and is likely to result in the contamination of Plaintiff's properties with one or more of the substances described herein, again causing damage to Plaintiff's property and her use and enjoyment thereof.

21. The oil contamination will require remediation. Plaintiff will likely incur costs associated with the remediation and removal of said contamination in order to restore the Plaintiff's property to its original, pristine conditions, all of which has been caused as a direct and proximate result of the negligent acts and omissions of the Defendants more fully described herein.

22. The negligent acts and omissions of the Defendants constitute an imminent threat to the public health or safety and immediately affect at least one legal interest of the Plaintiff.

23.     The Plaintiff herein have notified, in writing and under oath, the Secretaries of

Homeland Security, Interior, Energy and Health and Human Services, as well as to the State of

Louisiana, the State of Alabama, and to the Defendants named herein of the violations of federal

law, regulation and policy more fully described above.

## CLASS ALLEGATIONS

## CLASS DEFINITION

24.     Plaintiffs bring this action on behalf of themselves and all others similarly

situated, who are members of the following Class:

> All Florida residents who live, own or lease property in the Florida
>
> "Coastal Zone," as that term is defined in 43 U.S.C. '1331(e), and who
>
> have sustained any legally cognizable loss and/or damages as a result of
>
> the April 20, 2010 fire and explosion which occurred aboard the
>
> Deepwater Horizon drilling rig and the oil spill resulting therefrom.

25.     Excluded from the Class are:

a. the officers and directors of any of the Defendants;

b. any judge or judicial officer assigned to this matter and his or her immediate family;

and

c. any legal representative, successor, or assign of any excluded persons or entities.

## CLASS ACTION ALLEGATIONS

26.     The claims of the Plaintiffs are best administered by means of certification via

Rule 23 of Federal Rules of Civil Procedure.  The requirements of Rule 23 have plainly been

satisfied:

### a. Numerosity of the class

The proposed Class is so numerous that joinder is impractical. The disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and the Court.

### b. Predominance of Common Questions of Fact and Law

There is a well-defined community of interest in that the questions of law and fact common to the Class predominate over questions affecting only individual Class Members and include, but are not limited to, the following:

a. Whether Defendants caused and/or contributed to the fire, explosion and oil spill;

b. Whether Defendants actions were negligent;

c. Whether the fire, explosion and oil spill have caused environmental or other damage;

d. The amount of damages Plaintiffs and the Class Members should receive in compensation;

e. Whether Defendants actions were reckless and in conscious disregard for the safety of the Plaintiffs and, if so, the amount of punitive damages to be assessed.

### c. Typicality

Plaintiffs and the Class Members have suffered similar harm as a result of Defendants actions.

#### d. Adequacy of Representation

Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class because their interests do not conflict with the interests of the Class Members they seek to represent. Plaintiffs have no claims antagonistic to those of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions and maritime and environmental litigation, particularly with regard to crude oil contamination and claims against the BP Defendants.

#### e. Superiority

A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to this Court in which individual litigation of thousands of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments, and the prospect of a race for the courthouse and an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system in resolving the legal and factual issues common to all claims related to the Defendants conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

27.     The various claims asserted in the action are also certifiable under the provisions of Rules 23(b)(1) and/or 23(b)(3) of the Federal Rules of Civil Procedure because:

a.     The prosecution of separate actions by thousands of individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, thus establishing incompatible standards of conduct for Defendants;

b.     The prosecution of separate actions by individual Class Members would also create the risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members who are not parties to such adjudications and would substantially impair or impede their ability to protect their interests; and

c.     The questions of law or fact common to the Members of the Class predominate over any questions affecting only individual Members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PUNITIVE DAMAGE CLAIMS AGAINST THE BP DEFENDANTS

28.     The BP Defendants and/or related entities or persons are the responsible party in connection with this environmental catastrophe, one of epic proportions.

29.     Upon information and belief, the BP Defendants' actions and inactions in the operation of the Deepwater Horizon oil rig arise to the level of gross negligence,   willful, wanton, intentional or reckless failure to properly maintain, inspect, repair, specify, control or otherwise insure compliance with safety rules, regulations, and standards, including federal laws, policies and regulations.    Additionally, the BP Defendants are guilty of the violation of federal

14

safety and operating regulations in connection with the incident.  Said conduct and failures on the part of the BP Defendants are systemic and cut across industries and business groups, forming a corporate culture of reckless abandon when it comes to human life, safety and responsibility.

30.    The following are just a sampling of incidents of BP Defendants widespread practice of willful, wanton and reckless failures and conduct that demonstrate a pattern and a practice of such conduct:

a.    In Prudhoe Bay, Alaska, BP Defendants have been fined by the State of Alaska and face civil suits stemming from leaks from more than 6 miles of corroded pipelines.  Although the Trans-Alaska pipeline is inspected (via a pipeline pig) every 14 days, BP failed to inspect the corroded pipeline at issue in Prudhoe Bay for decades.

b.    BP Defendants pleaded guilty to a criminal violation of the Clean Water Act and paid a $20 million fine in criminal penalties for a spill from an Alaska pipeline that resulted because BP failed to heed many red flags and warning signs of imminent internal corrosion.

c.    BP Defendants even mislead their investors about the integrity of their pipelines, that resulted in a securities class action federal lawsuit that ultimately settled for over $40,000,000.00.

d.    BP Defendants' cost-cutting measures are so wide-spread and prevalent that they led to a fatal explosion at its Texas City, Texas Refinery in 2005,

15

which resulted in a criminal fine of $50,000,000.00 (and much more in civil settlements and verdicts).

Although BP Defendants earn billions of dollars in profits every year, BP Defendants failed to invest sufficient resources and money to maintain, inspect, repair and properly operate their facilities, all the while knowing that the product that the company handles is a toxic, dangerous and often lethal recipe for disaster.

31.   The overarching corporate culture of the BP Defendants, as demonstrated above, is one of profits over people.   BP has littered its road to making billions of dollars of profits annually with lives, livelihoods, property and wildlife, in conscious disregard for life and safety.

## PRAYER FOR RELIEF

Plaintiffs pray for the Order of this Honorable Court as follows:

1.   That the Plaintiff herein be appointed Class Representatives on the causes of action pled in this lawsuit;

2.   That the undersigned counsel, Eric Holland and Steven Stolze of Holland Groves Schneller & Stolze, be appointed as lead counsel for the Class;

3.   All compensatory damages allowed by law, which exceed the statutory minimum under the law of $5,000,000.00;

4.   Punitive damages in an amount that deter and punish the Defendants herein for their reckless conduct;

5.   Attorneys' fees and costs of litigation;

6.   All other relief deemed just and equitable based on the facts and law.

16

Dated this 4th day of May, 2010.

NEWSOME LAW FIRM

Andrew F. Knopf, Esquire
Florida Bar No.: 658871
Email: knopf@newsomelaw.com
20 N. Orange Avenue, Suite 800
Orlando, Florida 32801
Phone: (407) 648-5977
Facsimile: (407) 648-5282

And

HOLLAND, GROVES, SCHNELLER &
STOLZE, L.L.C.

Eric D. Holland-Pro Hac Vice Pending
Steven J. Stolze-Pro Hac Vice Pending
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
314-241-8111
314-241-5554  (Fax)

Attorneys for Plaintiff